22-6549
Lian v. Garland

BIA
Horton, IJ
A208 930 713

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand twenty-four.

PRESENT:
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
BETH ROBINSON,
  *Circuit Judges.*
_____

DAI CHENG LIAN,
  *Petitioner,*

  v.            **22-6549**
                NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*
_____

**FOR PETITIONER:**    Zhou Wang, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Holly M. Smith, Assistant Director; David J. Schor, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dai Cheng Lian, a native and citizen of the People's Republic of China, seeks review of a November 28, 2022, decision of the BIA affirming a May 21, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying his motion to remand.  *In re Dai Cheng Lian*, No. A208 930 713 (B.I.A. Nov. 28, 2022), *aff'g* No. A208 930 713 (Immig. Ct. N.Y. City May 21, 2019).  We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact

are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Lian alleged that the police in China attempted to arrest him for attending an unregistered church. Substantial evidence supports the agency's determination that Lian was not credible.

The agency reasonably relied on Lian's implausible testimony that he was unaware that the church he attended was unregistered until police raided it given his testimony that his sister had previously been arrested for attending an unregistered church. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) (providing that an adverse credibility determination may be based on the inherent implausibility of testimony if the finding "is tethered to the evidentiary record" or "record facts . . . viewed in the light of common sense and ordinary experience"). Further, the IJ reasonably noted that Lian became unresponsive when confronted with his changing and conflicting testimony regarding whether he knew that his sister had attended an unregistered church. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005) (deferring "to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor"); *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be . . . more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Finally, the agency reasonably relied on Lian's failure to testify that police broke down the door of his home, destroyed property inside, and informed his mother that they sought his arrest (as alleged in his application) because he was twice asked how he learned that police

4

sought to arrest him.* *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Hong Fei Gao*, 891 F.3d at 78 (stating that the agency may rely on omissions to find an applicant not credible when the "facts are ones that a credible [applicant] would reasonably have been expected to disclose under the relevant circumstances").

The implausible testimony, demeanor issues, and omission constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe*, 480 F.3d at 169; *Hong Fei Gao*, 891 F.3d at 78; *Jin Chen*, 426 F.3d at 113. The adverse credibility determination is dispositive of all forms of relief. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

The BIA did not abuse its discretion in denying Lian's motion to remand, which was based on his allegation that his former counsel was ineffective for failing to submit corroborating evidence. *See Li Yong Cao v. U.S. Dep't of Just.*, 421

---

* There is no merit to Lian's due process argument that he was not asked about this incident because he was twice asked how he learned police wanted to arrest him. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he was] otherwise deprived . . . of fundamental fairness." (quotation marks omitted)).

5

F.3d 149, 157 (2d Cir. 2005). To prevail on a claim of ineffective assistance, a movant must show that counsel's performance was deficient, and that he was prejudiced by his counsel's performance, i.e., that there was a "'reasonable probability' the IJ would have granted the relief." *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023); *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) ("To demonstrate prejudice, [petitioner must] . . . make a prima facie showing that, but for counsel's ineffectiveness, he would have been eligible for [asylum] relief, and could have made a strong showing in support of his application." (quotation marks omitted)). As the BIA determined, Lian failed to establish prejudice because counsel submitted the documents to the IJ at the conclusion of Lian's hearing and the IJ reviewed them and found that they would not have changed the adverse credibility determination. *See id*.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6